IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY A. FEBRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 1962 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Jeffrey Febre's ("Febre") motion for attorney's fees and costs. For the reasons stated below, we grant Febre's motion for attorney's fees and costs.

### BACKGROUND

Febre filed an application with the Social Security Administration ("SSA") for Disability Insurance Benefits in April 2002. According to Febre, he is disabled due to several severe impairments, including valley fever, pancreatitis, dyspnea, and fatigue. (P Mot. 6). Febre alleged that he has had several surgeries as a result of these illnesses, "prior to the onset of disability." (P Mot. 9). Febre further alleged

1

that he had one year of college education, had "no special training other than experience acquired on the job," and his past relevant work included marketing for a publishing company, telemarketing, and sales. (P Mot. 4-5). Finally, Febre claimed that his last "unsuccessful work attempt" was with a "financial company in 2002." (P Mot. 5).

Febre's application for disability benefits was initially denied by the SSA on July 26, 2002, and on December 27, 2002, his request for reconsideration was also denied. On January 30, 2003, Febre filed a request for a hearing before an Administrative Law Judge ("ALJ"). The ALJ denied Febre's request for disability benefits on December 17, 2004. The Appeals Council declined to hear Febre's claims in February 2005. On November 15, 2005, we denied Febre's motion for summary judgment, denied the Defendant's motion for judgment on the pleadings, and remanded the instant action to the SSA for proceedings in accordance with our opinion. Febre is now moving for $5,856.99 in attorney's fees and $250 in costs, for a total of $6,106.99.

## DISCUSSION

I.  Whether the SSA was Substantially Justified

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a district court may award attorney's fees to a party in Social Security appeal cases if "(1) the

claimant is a 'prevailing party;' (2) the government was not substantially justified in its position; (3) no 'special circumstances' make an award unjust; and (4) the fee application is timely and supported by an itemized statement." *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006)(quoting *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004) and 28 U.S.C. § 2412(d)(1)(A), (B)). The Seventh Circuit has stated that "the substantial justification standard [requires] that the government show that its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)(quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987) and *Donovan v. DialAmerica Mkting, Inc.*, 757 F.2d 1376, 1389 (3d Cir. 1985)). A court may award fees under the EAJA "'if either the government's pre-litigation conduct or its litigation position are not substantially justified' [and a] decision by an [ALJ] constitutes part of the agency's pre-litigation conduct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)(quoting *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). The SSA has the burden of showing that its actions were substantially justified. *Id.*

It is uncontested that Febre is a prevailing party in this action, and that his request for attorney's fees is timely. (Resp. 2); *see also Jackson v. Chater*, 94 F.3d 274, 277 (7th Cir. 1996)(finding that a remand to the SSA made the plaintiff a

"prevailing party"). In addition, there are no "special circumstances" alleged by the SSA that would make an award of attorney's fees improper. The SSA, however, argues that attorney's fees are not appropriate because its actions were substantially justified in this case. Febre raised a number of reasons in his motion for summary judgment for reversing the SSA's determination that he was not eligible for benefits, including that the ALJ failed to complete a proper analysis under steps two, three, and four of the five-step analysis for determining whether someone is disabled for the purposes of receiving disability benefits. Febre also argued that the ALJ's credibility determination was "patently wrong." (P Mot. 18).

In the court's November 15, 2005, opinion remanding the action to the SSA, we found that the ALJ failed to properly analyze Febre's alleged mental impairments under steps two, three, and four. This determination was based on several factors, including the "scant" evidence cited by the ALJ, the fact that the evidence cited by the ALJ actually supported Febre's claim of a mental impairment, and the fact that one of the experts involved in Febre's case was not given the available evidence related to Febre's mental impairments. (11/15/05 Op. 8).

The Seventh Circuit has stated that "[t]he requirement that the ALJ articulate his consideration of the evidence is deliberately flexible[, and that the fact that an] ALJ failed to meet this articulation requirement in no way necessitates a finding the Secretary's position was not substantially justified." *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992). In the instant action, however, the deficiencies in the ALJ's

decision went well beyond a failure to articulate his conclusions regarding Febre's mental health. Instead, two doctors made findings that were contrary to the ALJ's determination, and another expert relied upon by the ALJ was not provided with Febre's mental evaluation. As another court in this district has found, "[w]here an ALJ fails to develop the record to support its decision to deny benefits, the decision does not have a reasonable basis in fact, and is therefore, not substantially justified." *Godbey v. Massanari*, 2001 WL 1035205, at *3 (N.D. Ill. 2001). Accordingly, we find that the ALJ's decision to deny Febre benefits for his alleged mental health impairments was not substantially justified.

II. Reasonable Attorney's Fees

Febre is seeking attorney's fees for 37.9 hours of work, at an hourly rate of $154.54, and costs of $250.00 for the court filing fee. The SSA has not objected to this hourly rate or the filing fee, both of which we find reasonable. *See Barrientos v. Barnhart*, 2004 WL 1381126, at *2 (N.D. Ill. 2004)(awarding, pursuant to the EAJA, attorney's fees at $148.50 an hour for work done in 2003 and 2004, and the $150.00 court filing fee). The SSA has, however, objected to the two hours that Febre's attorney spent preparing the complaint and "associated papers" in this action, and argues that 0.3 hours would be more reasonable. (Resp. 5). Febre states in his reply that the preparation of the complaint involved file preparation, additional discussions with Febre, preparation of documents and diaries, and discussion with

5

the attorney's legal assistant. We do not find that two hours spent in the preparation of a complaint is unreasonable. Therefore, we grant Febre's motion for attorney's fees and costs.

## CONCLUSION

Based on the foregoing analysis, we grant Febre's motion for attorney's fees and costs, and award Febre $6,106.99 in attorney's fees and costs.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 12, 2006